Oaruthers, J.,
delivered the opinion of the Court.
The defendants in error, as the holders of a bill of exchange for $1500, drawn by plaintiff in error, Smith, and his partner Wm. F. Peebles, in favor of defendant, Robert Peebles, upon Cherry, Henderson & Co., New Orleans, and endorsed by the other defendant, brought this action against the plaintiffs in error, as drawers and endorsers, whose liability had been fixed by demand, protest and notice.
The defence is, that the bill was void under the act of 1799, ch. 8, § 1—Car. & Nich. 355—against gaming, as it was made and used by the drawers in the payment of their gaming debts. This act renders void “ every promise or agreement, note, bill, bond or other contract to pay, deliver or secure money or other thing won or obtained by playing at cards, dice, billiards, horse racing or any other species of gaming whatever, or by wagering or betting on either of the parties, or to repay or secure money or other thing lent or advanced, for that purpose, or lent or advanced at the time of such gaming,” &c. In the *555 construction of this last clause, the Court instructed the jury, that to make a loan void, because it was made uat the time of such gaming,” it must be to some one engaged, as player or better, in the game, and in some way promoting or contributing thereto. To this, objection is taken, because in conflict with the plain provisions of the act. We think the charge was right. Such an 'absurdity could not have been intended as that, because a transaction of loaning money, happened to be at a place where persons were gaming, that it would be void even if it had no connection in any way with the gaming or betting.
The act must mean to apply only to a case where the loan is made to the parties playing or betting, and for some purpose or in some way connected with or promotive of the illegal act, either before or after its perpetration. But if the loan be for other lawful purposes or objects, it is not affected by the act merely because it was made at the time and place of gaming.
The law is in all respects correctly charged by the Court, and the proof does not so preponderate against the finding in favor of the plaintiff below, as to authorize us to set aside the verdict under- our rule on that subject.
But a question is made in the progress of the trial upon the rejection of Wm. H. Peebles, one- of the drawers of the bill, who was offered as a witness by defendants and as to whom a nolle prosequi had been previously entered. To remove his incompetency, all the other parties on the bill, who were *556 liable to the holders, filed a paper without seal, discharging and releasing him from all liability to them ■on account of said bill, on any recovery that might •be had against them upon it in this or any other suit.
The ruling of the Court is placed upon the single ground that the release did not render the proposed witness competent, because it was not und-er seal. The liability of Wm. F. Peebles as joint drawer with Smith, was fixed by the non-payment and protest. He was, therefore, interested with the other defendants in the destruction of the bill, by sustaining the defence made to it, and was offered professedly to prove facts to that effect.
Can the release offered have the effect to discharge him from accountability to Smith as joint drawer, and the other defendants as endorsers, if the defense should fail and the amount of the bill be recovered from them? Could he successfully rely upon it in an action against him by them? It is the case of one joint debtor discharging another without consideration. This cannot be done without a release under seal. Story on Promissory Notes, § 410; 17 John. 175; Harvey & Claxton vs. Sweasy, 4 Humph. Rep. 449.
A release without consideration and not under seal, is void.—1 Cowen 122; 7 Cowen 224. There are cases in which a promise before it is broken, may be discharged by parol, some of which are cited in the case referred to in 17 Johnson, 175, and such is the doctrine in 8 Ba. Ab., 247, referred to by counsel. *557 But the case in hand does not involve the necessity ©f examining that doctrine.
Here the promise was broken, and the liability of Peebles as one of the drawers, fixed' and certain. In such a case, the release to be valid in removing the interest of the party, so as to make him a competent witness, on the side of his interest, must be under seal. A mere technical release founded on no contract and without consideration, must be under seal, to have the effect of removing the incompetency of an interested witness. It may be difficult to give a good reason for the necessity of a seal in our times, but the law is so written and it is not for us to change it. There may be other grounds upon which the exclusion of this witness might be maintained but as the one presented is decisive, it is unnecessary to- go further.
Let the judgment be affirmed.